UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALMA PLUCINSKI,<br><br>     Plaintiff,<br><br>v.<br><br>PAYETTE COUNTY; PAYETTE COUNTY BOARD OF COMMISSIONERS; PAYETTE COUNTY PLANNING AND ZONING COMMISSION; CHAD HENGGELER in his official and individual capacity; BERT OSBORN in his official and individual capacity; GARRY TOTH in his official and individual capacity; and DOES I-X,<br><br>     Defendants. | Case No. 1:16-cv-00153-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff Alma Plucinski's motion to waive fees, or, alternatively, to set bond. For the reasons explained below, the Court will require a bond of $500.

**MEMORANDUM DECISION AND ORDER  - 1**

## ANALYSIS

Plucinski has sued, among other defendants, Officer Garry Toth of the Payette City Police Department. The plaintiff is required by Idaho Code § 6–610(2) to post a bond to cover costs when she initiates suit against a law enforcement officer. A court may, however, waive costs, fees and security for indigents. *See* Idaho Code § 31–3220. If a party files an affidavit stating that she is indigent and unable to pay the costs, fees and security associated with her case, the court can waive them if it finds, after informal inquiry, that the party is indigent. *See* Idaho Code § 31–3220(2). This statute applies to bonds required under Idaho Code § 6-610. *Taysom v. Bannock County*, 2012 WL 397734 (D. Idaho Feb. 7, 2012).

Plucinski filed such an affidavit claiming she is indigent. She includes in her affidavit her full legal name, her income, her spouse's income, the real and personal property she owns, her cash and checking accounts, her dependents, her debts, her monthly expenses, the nature of the action, and the basis for redress as required by Idaho Code § 31–3220A.

To summarize that information, she and her husband earn $6,000 per month. They have a $429,000.00 mortgage on their residence, miscellaneous consumer debt in the amount of $60,000.00, and their monthly expenses are $5,600.00. They have not indicated they have any savings, investments, or retirement accounts. Based upon the assessed value of their home, Plaintiff indicates she has little equity in her residence. This information shows that Plucinski is financially strapped but not indigent.

**MEMORANDUM DECISION AND ORDER - 2**

The Court will therefore deny Plucinski's motion to the extent it seeks a waiver of the bond requirement. In the alternative, her motion asks the Court to set a bond amount in the amount of $500.00, due to the difficulty in securing a bond in Idaho of this nature. Consistent with the Court's Order in *Raymond v. Sloan*, Case No. 1:13-cv-423-BLW (D. Idaho Dec. 6, 2013),[1] the Court will set the bond at $500.00.

### ORDER

In accordance with the Memorandum Decision set forth above,

**NOW THEREFORE IT IS HEREBY ORDERED**, that the motion to waive fees or, alternatively, to set bond (Dkt. 15) is **GRANTED IN PART AND DENIED IN PART.** It is granted to the extent it seeks the setting of a bond amount but is denied to the extent it seeks a waiver of the bond.

**IT IS FURTHER ORDERED**, that the plaintiff shall file a bond in the sum of $500.00 pursuant to Idaho Code 6-610 on or before **June 10, 2016**.

DATED: May 17, 2016

Honorable Candy W. Dale
United States Magistrate Judge

---

[1] In that case, which alleged a similar civil rights violation against a police officer, the Court set bond at $500.00.

**MEMORANDUM DECISION AND ORDER - 3**